1  Trinette G. Kent (State Bar No. 222020)
   Kent Law Offices
2  Four Embarcadero Center, Suite 1400
   San Francisco, CA 94111
3  Telephone: (480) 247-9644
   Fax: (480) 717-4781
4  tkent@kentlawpc.com

5  Phillip A. Bock (*pro hac vice* to be submitted)
   Tod A. Lewis (*pro hac vice* to be submitted)
6  David M. Oppenheim (*pro hac vice* to be submitted)
   BOCK, HATCH, LEWIS & OPPENHEIM, LLC
7  134 N. La Salle St., Ste. 1000
   Chicago, IL 60602
8  Telephone: (312) 658-5500
   Fax: (312) 658-5555
9  service@classlawyers.com

10 Attorneys for Plaintiff, Camp Drug Store, Inc.,
   an Illinois Corporation, individually and as the
11 representative of a class of similarly-situated persons

12                 UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
13

| Camp Drug Store, Inc., an Illinois Corporation, individually and as the representative of a class of similarly-situated persons, | Case No. |
|---|---|
| Plaintiff, | CLASS ACTION COMPLAINT FOR: |
| v. | (1) VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.* |
| IBeat, Inc. d/b/a 100 Plus, | (2) CONVERSION |
| Defendant. | |

Plaintiff, Camp Drug Store, Inc. ("Camp Drug" or "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal

CLASS ACTION COMPLAINT

knowledge except as stated otherwise, alleges the following upon information and belief against defendant iBeat, Inc. doing business as 100 Plus ("Defendant" or "iBeat"):

## PRELIMINARY STATEMENT

1. On behalf of itself and the class, Plaintiff seeks statutory damages and other relief from Defendant's practice of sending unsolicited advertisements by facsimile.

2. Defendant has sent advertisements by facsimile in an attempt to market and sell property, goods, or services.

3. The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits any person or entity from sending or having an agent send any "unsolicited advertisement" by facsimile ("junk faxes" or "unsolicited faxes").

4. The TCPA mandates that if a person or entity sends an otherwise unsolicited advertisement by facsimile to a fax recipient with which the sender has an "established business relationship," then the sender must always include a very specific, clear, and conspicuous opt-out notice on the first page of the advertisement. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5. The TCPA provides a private right of action and provides statutory damages of $500 per violation. If the Court finds the advertisements were sent knowingly or willfully, then the Court can increase the damages up to three times $500.

6. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes tie up the telephone lines, prevent fax machines

from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

7. On behalf of themselves and all others similarly-situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA and the common law of conversion.

8. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff Camp Drug Store, Inc. is an Illinois corporation with its principal place of business in Wood River, Illinois.

10. Defendant iBeat, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. It does business as 100 Plus.

11. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. The Court has supplemental jurisdiction over Plaintiff's conversion claim under 28 U.S.C. 1367.

12. General jurisdiction exists over Defendant in California because Defendant's principal place of business is in California and Defendant committed tortious acts within the State.

13. Venue is proper in the Northern District of California, San Francisco division, because Defendant is headquartered in San Francisco and a significant portion of the events took place here.

# FACTS

14. Defendant is engaged in the business of manufacturing and providing healthcare technology, including heart rate monitors and smart watches.

15. On information and belief, Defendant has sent thousands of advertisements in fax broadcasts to one or more lists of targeted recipients throughout the United States and throughout the class period alleged herein. Plaintiff has been unable to locate all copies of faxes they received from Defendant but attached as Exhibit A is a copy of an advertisement Defendant is known to have sent by fax.

16. Exhibit A and other faxes sent by or on behalf of Defendant advertised goods, products, or services available for purchase from Defendant.

17. Plaintiff is among the persons to whom Defendant sent advertisements by fax. On information and belief, Plaintiff received Exhibit A on its facsimile machine, which automatically printed Defendant's advertisements on Plaintiff's paper.

18. Plaintiff did not expressly invite or give permission to anyone to send an advertisement by fax from Defendant.

19. Defendant's faxes did not contain the opt-out notices required by the TCPA. *See, e.g.*, Exhibit A.

20. On information and belief, Defendant sent faxes to Plaintiff and more than 39 other recipients without their prior express permission or invitation, and without the opt-out notice required on faxes sent to persons with which Defendant can demonstrate an "established business relationship." This allegation is based, in part, on the fact that Plaintiff never expressly invited or permitted anyone to send the subject fax

4

advertisements to them, that sending advertisements by fax is an inexpensive way to reach a wide audience, and <u>Exhibit A</u> has no TCPA compliant opt-out notice.

21. There is no reasonable means for Plaintiff (or any other putative class member) to avoid receiving unsolicited advertisements by facsimile when they lack a compliant and functional opt-out notice. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS REPRESENTATION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of itself and all others similarly-situated as members of the class, initially defined as follows:

> All persons sent at least one telephone facsimile message (a "fax"): (1) on or after January 23, 2016; (2) from or on behalf of Defendant; (3) advertising the commercial availability or quality of property, goods, or services; (4) without the fax recipient's prior express invitation or permission; and (5) without the clear and conspicuous opt-out notice required by 47 C.F.R. § 64.1200 (a) (4) (iii).

23. Excluded from the class is Defendant, any entity in which Defendant has a controlling interest, any officers or directors of Defendant, the legal representatives, heirs, successors, and assigns of Defendant, and any Judge assigned to this action, and his or her family.

24. This action is brought, and may properly be maintained as a class action under 735 ILCS 5/2-801. This action satisfies the class action prerequisites because the class is too numerous for individual joinder, common questions of law or fact predominate over individual questions, the representative parties and their attorneys will fairly and adequately protect the interests of the entire class, and this class action is an appropriate method for the fair and efficient adjudication of the controversy.

5

25. **Numerosity/Impracticality of Joinder**: On information and belief, the class includes more than thirty-nine persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of class members and their identities are unknown to Plaintiff, but can be obtained from Defendant's records or the records of third parties.

26. **Questions of Law or Fact Common to the Class**: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

    a. Whether Defendant sent unsolicited advertisements by fax;

    b. Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

    c. The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which they sent advertisements by fax;

    d. Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

    e. Whether Defendant included clear and conspicuous opt-out notices on their faxed advertisements, including all content the TCPA requires;

    f. Whether each Defendant is, respectively, directly or vicariously liable for violating the TCPA;

g. Whether Plaintiff and the other class members are entitled to statutory damages;

h. Whether Defendant should be enjoined from faxing advertisements in the future;

i. Whether the Court should award trebled damages; and

j. Whether Defendant's conduct constituted common law conversion.

27. **Fair and Adequate Representation**: Plaintiff will fairly and adequately protect the interests of the class. Plaintiff does not have any interests adverse to the class. Plaintiff has retained counsel who are experienced in class action litigation generally and the TCPA specifically.

28. **Appropriateness**: A class action is an appropriate method for the fair and efficient resolution of this controversy. Plaintiff envisions no difficulty in the management of this case as a class action.

## COUNT I

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. Plaintiff brings Count I on behalf of themselves and a class of similarly-situated persons.

31. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

7

32. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

33. The TCPA provides:

<u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

    (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C)    Both such actions.

47 U.S.C. § 227 (b) (3).

34. In relevant part, the TCPA states that "[t]he [Federal Communications] Commission shall prescribe regulations to implement the requirements of this subsection . . . in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (i) the notice is clear and conspicuous . . ." 47 U.S.C. § 227 (b) (2) (D) (i).

35. Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (ii) the notice states that the

recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful . . ." 47 U.S.C. § 227 (b) (2) (D) (ii). The shortest reasonable time has been determined to be thirty (30) days. 47 C.F.R. § 64.1200 (a) (4) (iii) (B).

36. The opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender" as well as a "cost-free mechanism for a recipient to transmit a request pursuant to such notice . . ." 47 U.S.C. § 227 (b) (2) (D) (iv).

37. "A notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (v) the telephone and facsimile machine numbers and the cost-free mechanism . . . permit an individual or business to make such a request at any time on any day of the week." 47 U.S.C. § 227 (b) (2) (D) (v).

38. The FCC's regulations of opt-out notices on facsimile advertisements are set forth at 47 C.F.R. § 64.1200 (a) (4) (iii)

39. The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful.  47 U.S.C. § 227.

40. Defendant violated 47 U.S.C. § 227, *et seq.* by sending advertisements by fax to Plaintiff and the other class members without first obtaining their prior express invitation or permission and, to the extent Defendant will contend they sent the

facsimiles on the basis of "established business relationship," by failing to include a clear, conspicuous, and content-rich opt-out notice on the first page of each facsimile.

41. Defendant violated 47 U.S.C. § 227, *et seq.* by not providing opt-out notices on the first page of each advertisement sent by fax.

42. Facsimile advertising imposes burdens on unwilling recipients that are distinct from those imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients know how to prevent and avoid future fax transmissions of advertising material. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the recipients are unable to stop the burdens imposed by this form of advertisement.

43. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were negligent.

44. Defendant is liable because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and/or constituting the violation, the faxes were sent on its behalf, and/or under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority and ratification.

45. Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to send them advertisements by facsimile and that the faxes did not display the opt-out notices required by the TCPA (including the FCC's regulations).

46. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner

consumed in the printing of Defendant's faxes. Moreover, the subject faxes used Plaintiff's and the class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and their employees wasted their time receiving, reviewing, and routing Defendant's illegal faxes. Time otherwise would have been spent on Plaintiff's business activities. Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of the faxes occurred outside Defendant's premises.

47. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, demands judgment in their favor and against Defendant as follows:

  A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representatives of the class, and appoint Plaintiff's counsel as counsel for the class;

  B. That the Court award $500.00 in statutory damages for each violation of the TCPA;

  C. That the Court treble the statutory damages to $1,500 per violation if it finds that either Defendant's conduct was knowing or willful;

D. That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

E. That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II

## CONVERSION

48. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

49. Plaintiff brings Count II on behalf of themselves and a class of similarly-situated persons and alleges claims under the common law of conversion.

50. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner, and paper to Defendant's own use. Defendant also converted the recipients' time to their own marketing use.

51. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

52. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to its own use. Such misappropriation was wrongful and without authorization.

53. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

54. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

55. Each of Defendant's unsolicited faxes that Plaintiff received effectively stole Plaintiff's employees' time by forcing one or more employees to receive, review, and act upon Defendant's illegal faxes. Just the time spent in retrieving an unsolicited facsimile from the fax machine, reviewing it, and tossing it in the garbage is burdensome and wasteful and converts Plaintiff's valuable time to Defendant's marketing effort. Defendant knew or should have known that employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, demands judgment in its favor and against Defendant as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representatives of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award punitive damages;

D. That the Court award reasonable attorneys' fees;

E. That the Court award costs of suit; and

F. That the Court award such further relief as it may deem just and proper.

Dated: January 23, 2020   Respectfully Submitted,

Camp Drug Store, Inc., an Illinois Corporation, individually and as the representative of a class of similarly-situated persons,

By: */s/ Trinette G. Kent*

Trinette G. Kent (State Bar No. 222020)
Kent Law Offices
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (480) 247-9644
Fax: (480) 717-4781
tkent@kentlawpc.com

Phillip A. Bock *(pro hac vice to be submitted)*
Tod A. Lewis *(pro hac vice to be submitted)*
David M. Oppenheim *(pro hac vice to be submitted)*
Bock Hatch Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Tel: (312) 658-5500
Fax: (312) 658-5555
service@classlawyers.com